# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| SYLVIA O. JACKSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:19-00524-N |
| | ) | |
| ANDREW M. SAUL, | ) | |
| *Commissioner of Social Security*, | ) | |
|     Defendant. | ) | |

## ORDER

Plaintiff Sylvia O. Jackson brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying her September 27, 2016 application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. In response to Jackson's brief and fact sheet (Doc. 12) listing the specific errors upon which she seeks reversal of the Commissioner's decision, the Commissioner filed a motion to remand Jackson's "case to the Commissioner for further administrative proceedings, including reconsideration of Plaintiff's hand impairment[,]" under sentence four of § 405(g) ("The [district ]court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). (Doc. 16). The Commissioner represents that Jackson consents to

the motion. (*See id.*).[1]

Upon consideration, it is **ORDERED** that the Commissioner's unopposed motion to remand (Doc. 16) is **GRANTED**,[2] the Commissioner's final decision denying Jackson's September 27, 2016 application a period of disability and DIB is **REVERSED**, and this cause is **REMANDED** under sentence four of § 405(g) for further proceedings consistent with the Commissioner's motion (Doc. 16). Securing a "sentence four" remand makes Jackson a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this cause.

Should Jackson be awarded Social Security benefits on the subject application following this remand, under Federal Rule of Civil Procedure 54(d)(2)(B), the Court hereby grants Jackson's counsel an extension of time in which to file a motion for fees under 42 U.S.C. § 406(b) until 30 days after the date of receipt of a notice of award of benefits from the SSA.[3] Consistent with 20 C.F.R. § 422.210(c), "the date

---

[1] Sentence six of § 405(g) provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security…" However, the Commissioner filed his answer (Doc. 8) prior to requesting remand, and the motion does not set forth "good cause" for a sentence-six remand.

[2] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 14, 15, 17).

[3] *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per

of receipt of notice … shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." If multiple award notices are issued, the time for filing a § 406(b) fee motion shall run from the date of receipt of the latest-dated notice.

Final judgment shall issue separately hereafter in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 12th day of February 2020.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

curiam) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").